Taft, J.
The first question raised by plaintiff is whether the sale of specialty advertising signs to be manufactured by the seller as per handmade prototype exhibited to the purchaser may be a sale by sample within the meaning of Section 1315.17, Revised Code.
There is much evidence to the effect that, in their dealings, both parties regarded that prototype and referred to it as a sample. However, plaintiff argues that there can be no “ sale by sample” within the meaning of Section 1315.17, Revised Code, *77 unless there is, at the time the supposed sample is exhibited to the purchaser, a bulk in existence from which the sample was taken. Admittedly, the signs to be sold in the instant case were not in existence when the sample was exhibited and when the contract of sale was made.
The weight of authority supports the conclusion that a sale may be found to have been a sale by sample, within the meaning of statutory provisions such as Section 1315.17, Revised Code, although there was in existence no bulk from which the sample could have been taken either at the time the supposed sample was exhibited to the purchaser or at the time of such sale. See 1 Williston on Sales (Rev. Ed.), 664, Section 250, annotation 12 A. L. R. (2d), 524, 552. Any other conclusion would be difficult to reconcile with our own holding in Dayton v. Hooglund, 39 Ohio St., 671.
In its brief, “plaintiff admits that if the sale had been by sample and the goods as delivered did not conform to the sample exhibited then the conclusion of law by the trial court would have been correct and the purchaser * * # would have had the legal right to arbitrarily rescind the contract of purchase on the ground that the bulk did not correspond to the sample submitted. ’ ’ In view of this admission and our conclusion with respect to the first question raised by plaintiff, the judgment must be affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Matthias, Bell, Herbert and Peck, JJ., concur.